**Galvin M. JEFFERSON, Petitioner–Appellant,**

v.

**James BARTLETT, Superintendent, Oregon State Correctional Institution, Respondent–Appellee.**

No. 07–35119.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2008.*

Filed May 20, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Harrison Stewart Latto, Esq., Law Office of Harrison S. Latto, Portland, OR, for Petitioner–Appellant.

Douglas Park, Esq., AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: TALLMAN and CLIFTON, Circuit Judges, and KORMAN,** District Judge.

MEMORANDUM ***

Galvin M. Jefferson appeals the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254, based on alleged ineffective assistance of counsel. We affirm.

---

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

In a state post-conviction hearing, Jefferson testified by deposition that he did not have sex with the victim on the night in question, but that his trial counsel told him that the jury would not believe him if he testified to that effect. Jefferson argued that his attorney advised him to testify falsely at trial that he and the victim had consensual sex. Jefferson's trial counsel stated in an affidavit that he "confronted Mr. Jefferson when, based on the evidence from the state and our independent investigation, I believed he was dishonest with me and I may have told him that I did not think a jury would believe him ... [but] I never advised Mr. Jefferson to testify falsely." The state court credited trial counsel's version of the events. That determination was not unreasonable. The parties dispute what deference is required by 28 U.S.C. § 2254(d)(2) under the circumstances of the state court's fact-finding, but even if we were not required to defer, the state court's finding appears to us to be the more plausible explanation. Based on the evidence at hand, including Jefferson's acknowledgment that he had a prior sexual relationship with the victim, trial counsel's advice was understandable and did not fall below prevailing professional norms such that he was no longer functioning as the "counsel" guaranteed by the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Jefferson argues that trial counsel should not have settled on a defense theory until he fully investigated the medical evidence in the case and reviewed an exculpatory medical report. Trial counsel was reasonably diligent in attempting to obtain the report and other medical evidence. Although it might be true that he should have examined the medical report with more care after it was belatedly provided to him on the morning of trial, the medical report did not conclusively prove that Jefferson did not have sex with the victim on the night in question. We are not persuaded that a better understanding of the report would have caused petitioner's counsel to change his advice. A denial by Jefferson would have been inconsistent with other evidence, and Jefferson had already agreed to (and ultimately did) testify at trial that he had consensual sex with the victim that night. Even we assume that trial counsel was ineffective as alleged, the state court's determination that it did not affect the outcome of the trial was not unreasonable.

Accordingly, the state court decision involved a reasonable determination of the facts in light of the evidence presented and did not involve an objectively unreasonable application of *Strickland*. *See Nunes v. Mueller*, 350 F.3d 1045, 1051 (9th Cir. 2003). The petition was properly denied.

**AFFIRMED.**